RECEIVED
2016 SEP 15 PM 1:58
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

**United States District Court for the
Western District of Tennessee, Western Division**

Shirley Cohen and Hannah Cohen
*Plaintiffs*

v.

TSA, MSCAA, and MIAPD            Civil Action No.:   2:16-cv-02529
*Defendants*

---

Sai
*Intervenor*

### Motion to compel State Defendants to file unredacted exhibit, and for order to show cause as to perjury of affiant Brian Kuhn

On August 10, 2016, Defendants MSCAA and MIAPD ("State Defendants") filed answers to Plaintiff's complaint. Attached to both, ECF Nos. 20-1 and 21-1, are redacted copies of four agreements between TSA and MSCAA about TSA's presence at MSCAA, with various financial information redacted.

*See* ECF Nos. 20-1, 21-1, p. 3-5 (OTA HSTS01-13-H-CKP132, modification P00002), 6-8 (OTA HSTS01-13-H-CKP132, modification P00001), 9-25 (OTA HSTS01-13-H-CKP132, original contract), and 26-27 (OTA HSTS01-13-H-CKP132, original requisition).

1. State Defendants have cited no authority or justification for making the redaction, nor any leave of this Court or other applicable order.

State Defendants' Answers, as well as their motions for judgment on the pleadings, have not a single reference to any justification for redacting this information; any authority permitting them to do so; or any applicable order of another court. This Court has not granted Defendants any


41013357-000001-26-36-00

motion to seal or for protective order. The information does not fall within any of the categories listed in F. R. Civ. P. 5.2.

State Defendants' redaction was simply made unilaterally, with no justification or authorization.

2. These attachments are judicial records, entitled to a strong presumption of public access under the First Amendment and common law.

In the United States, there is a presumption, under both the First Amendment and common law, of access to judicial records. *See* e.g. *Nixon v. Warner Communications, Inc.,* 435 US 589, 597 (1978). This Circuit, like every other in the country, has recognized "the strong common law presumption in favor of public access to court proceedings and records". *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1179 (6th Cir. 1983).

While this right is qualified, *Nixon* at 598, the test for whether a judicial record may be kept from the public is that of "experience and logic". *Press-Enterprise Company v. Superior Court of California, County of Riverside,* 478 U.S. 1, 8 (1986) ("Press-Enterprise II").

The applicable test of experience and logic is found in the Freedom of Information Act (FOIA), 5 U.S. Code § 552. Under the FOIA, no such redaction is permissible. *See* attached similar record — including similar statements of amounts of funds obligated — obtained by Intervenor from TSA under FOIA without redaction or any claim of exemption.

3. The attachments are evidence for dispositive motions, which are entitled to the strongest presumption of public access.

In order to oppose disclosure of judicial documents when they are attached to a dispositive

motion[1], the party opposing disclosure must demonstrate "compelling reasons". *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1134-38 (9th Cir. 2003). For *non*-dispositive motions, the party opposing disclosure must demonstrate "good cause", *id.* at 1135, with a "particular showing", *id.* at 1131. *See also* F. R. Civ. P. 26(c) (standards for protective order).

State Defendants have shown no reason at all for withholding this information from the public, let alone "compelling" reasons, nor have they sought (let alone obtained) any protective order or order to seal. They have simply unilaterally sealed parts of a public document, and altered it from its true copy.

4. The redacted information potentially bears on the merits of the pending motions, and therefore heightens the already presumed public interest.

Although Intervenor does not assert an interest in the merits of the case, and therefore will not comment for or against any particular theory of the case, Intervenor notes that State Defendants have demurred, in part, on the grounds that they claim TSA, not State Defendants, is responsible for Plaintiffs' alleged injuries.

As part of this defense, State Defendants have specifically alleged that Plaintiffs failed to prove State Defendants "receive[] any federal funding for the screening program". ECF No. 22-1 at p. 18-19, ECF No. 23-1 at p. 19.

While there may be a separate question as to whether the funding that State Defendants have unilaterally redacted from their attachment is "for the screening program", it is evidence of *some*

---

[1] *See e.g.* ECF No. 23-1 at p. 4-6, incorporating the redacted exhibit into dispositive motion.



receipt of "federal funding". Accordingly, it potentially bears on the merits of pending motions, and heightens the already-presumed public interest in access to the full judicial record.

As a member of the press, Intervenor has an interest in full access to all judicial records in this case, especially those that might go towards whether the claims made by governmental officials in dispositive motions are true or false.

    5. Brian Kuhn's sworn statement is perjury.

MSCAA's general counsel Brian Kuhn, acting as custodian of records, swore under penalty of perjury that "A true and accurate copy of this agreement … is attached hereto …", ECF Nos. 20-1, 21-1, p. 2 ¶ 5, without any reservation or exemption for redaction. The affiant testifies to personally reviewing the contracts as they were originally signed, that they were kept — in their attached form — as regular business record, and that the attachment is true and correct.

This is perjury, in contempt of court.[2]

The attachments are plainly not true and accurate copies of the original; rather, they have been altered by redaction.

Furthermore, this alteration violates the Federal Rules of Evidence 106, 901(a), 902(4), 1002, and 1005, which FRE require that when public records are presented as evidence, such as the exhibits in question, they must be presented in its true, *complete*, *unaltered* form.

---

[2] Brian Lawrence Kuhn is a member of the bar, and thus has heightened ethical responsibilities as an officer of the court. *See* TN BPR #008822.

**Accordingly, Intervenor hereby respectfully moves that this Court:**

1. Compel State Defendants to re-file ECF No. 20-1, 21-1 *without* redaction, unless this Court grants an order to seal to the contrary;

2. Permit Intervenor to file a reply to any opposition to this motion, and an opposition to any motion to seal or protective order in this case;

3. Order Defendant MSCAA to pay Intervenor's reasonable costs of filing this motion[3];

4. Order Brian Kuhn to show cause why he should not be sanctioned for perjury by contempt of court and/or referral to the Tennessee bar for attorney discipline.

Respectfully submitted,
Sai, *intervenor pro se*
legal@s.ai
+1 510 394 4724 phone / +1 206 203 2827 fax
500 Westover Dr. #4514, Sanford, NC 27330

## Certificate of service

I, Sai, hereby certify that I have served all attorneys of record listed on the docket in this case, listed below, a copy of this paper via email on September 8, 2016; and that they will be also served by CM/ECF upon the Clerk's entry of this paper on the docket.

*For Plaintiffs:*

| | |
|---|---|
| Kelly Eason Pearson | kellyeasonpearson@gmail.com |
| William G. Hardwick, II | wgh38119@yahoo.com |

*For Defendants MSCAA and MIAPD:*

| | |
|---|---|
| David I. Feigelson | dfeigelson@pf-law.net |
| James L. Cresswell, Jr. | jcresswell@pf-law.net |
| Logan Alexander Klauss | lklauss@pf-law.net |

*For Defendant TSA:*

| | |
|---|---|
| David Brackstone | david.brackstone@usdoj.gov |



---

[3] Intervenor expects only minor costs of printing and mailing, though costs include any filing fee.