UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHIRLEY COHEN AND  )<br>HANNAH COHEN,             )<br>                                            )<br>     Plaintiffs,                       )<br>                                            )<br>                                            )<br>v.                                        )<br>                                            )<br>TRANSPORTATION SECURITY )<br>ADMINISTRATION, MEMPHIS AND )<br>SHELBY COUNTY AIRPORT       )<br>AUTHORITY, ET. AL,              )<br>                                            )<br>     Defendants.                    )  | Case No. 2:16-cv-2529 |

**RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

COMES NOW the Defendant Transportation Security Administration (the "Federal Defendant" or "TSA"), by and through counsel, files this Response in Opposition to Motion for Leave to Intervene (D.E. 30). In support thereof, the TSA states as follows:

**BACKGROUND**

Plaintiffs Hannah and Shirley Cohen have brought claims against the TSA, the Memphis and Shelby County Airport Authority, and the Memphis International Airport Police Department alleging disability discrimination in violation of the Americans With Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act") stemming from events occurring during and after mandatory security screening at the Memphis International Airport prior to a flight on June 30, 2015. *See generally* Amended Complaint, D.E. 12-1. Plaintiffs also bring tort claims for

an alleged assault and false arrest arising from the same events. *Id.* Plaintiffs seek compensatory and punitive damages, as well as reasonable attorney fees and costs. *Id.*

An individual person going by the legal name "Sai[1]" now seeks leave to intervene "for the limited purpose of asserting First Amendment and common law Intervenor's rights to access judicial records, and to request that this Court issue an order to show cause re the perjury of the Defendants' records custodian." *See* Motion for Leave to Intervene, D.E. 30. Sai "does not assert any interest in the merits of [the] case; only in access to the records thereof." *Id.*

## SAI HAS PRESENTED NO RECOGNIZED GROUNDS FOR INTERVENTION

Intervention in a civil case in Federal court is governed by Fed. R. Civ. P. 24, which addresses separately intervention of right and permissive intervention. In the instant case, intervention of right is not available to Sai, nor is permissive intervention warranted.

### A.     Intervention of Right

Generally, a party **must** be permitted to intervene in a matter, on timely motion, if that party is given an unconditional right of intervention by federal statute or if that person "claims an interest relating to the property or transaction that is the subject of the action, and . . . disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests." Fed. R. Civ. P. 24(a). TSA is aware of no federal statute which would confer on Sai an *unconditional* right to intervene in this case, nor has Sai identified any such federal statute. Additionally, Sai has specifically indicated that They "do[] not assert any interest in the merits of this case." Motion for Leave to Intervene, D.E. 30 at PageID 207. Accordingly, on the face of the

---

[1] "Sai" has been presented as the proposed intervenor's full legal name. Sai has indicated a preference for being referred to without any titular prefix (e.g. "Mr."), and has further indicated a slight preference for the use of gender neutral pronouns (e.g. "they" rather than "he"). *See* http://s.ai/iaq. In accordance with these stated preferences, counsel for TSA will refer to the proposed intervenor as "Sai" or "They."

Motion for Leave to Intervene itself, Sai does not claim "an interest relating to the property or transaction that is the subject of the action." *See* Fed. R. Civ. P. 24(a). Because there is not a federal statute conferring an unconditional right to intervene, and because Sai does not claim an interest in the property or transaction actually being litigated, intervention of right is not available.

**B.      Permissive Intervention**

A party **may** be permitted to intervene in a matter, on timely motion, if that party is given a *conditional* right to of intervention by federal statute or if that person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Again, TSA is aware of no federal statute which would confer on Sai a conditional right to intervene in this case, nor has Sai identified any such federal statute.

Absent a statutory basis for intervention, "[t]o intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

While TSA makes no argument regarding the timeliness of Sai's motion to intervene, there is no allegation of a common question of law or fact.

The instant case presents allegations of disability discrimination and torts surrounding the security screening of an airline passenger, Hannah Cohen, on June 30, 2015. The questions of fact implicate only the circumstances of the security screening and subsequent law enforcement response on that day. The questions of law implicate only whether the Defendants violated the

Americans with Disabilities Act or the Rehabilitations Act, or whether they committed one or more torts against the Plaintiffs.

Sai moves to intervene, as "an advocate and member of the press, with a focus on governmental accountability, civil rights and disability rights" to vindicate the right "to access judicial records." Motion for Leave to Intervene, D.E. 30 at PageID 207. Sai indicates that, in the past, They have vindicated those rights through the use of the Freedom of Information Act. *Id.* at 207–08.

The asserted right to access to judicial records (or, more accurately, access to un-redacted copies of the documents filed at D.E. 20-1 and 21-1, as described in the related Motion to Compel State Defendants to File Unredacted Exhibit, D.E. 32) does not present a common issue of law or fact with those presented by the main action. This is especially true when the documents themselves regard only the terms of the relationship between the various Defendants rather than touching on the areas of disability discrimination or tort.

While TSA is cognizant of the importance of access to judicial records, this generalized interest is not a valid basis for intervention in a specific case pending in the District Court. Further, Sai has already indicated in Their filings alternate, more-appropriate methods for seeking the information in question – that is, through the Freedom of Information Act.

Because Sai does not present a common issue of law or fact with the main action, permissive intervention is not available.

## CONCLUSION

No statute grants Sai the right, either conditionally or unconditionally, to intervene in this matter. Nor does Sai have an actual interest in the property or transaction at issue, or present a common issue of law or fact with the main action. Therefore, there is no basis under Fed. R. Civ.

P. 24 for Sai to intervene in the present case. Therefore, the Motion for Leave to Intervene should be DENIED, and Sai's remaining motions should be denied as moot.

        Respectfully submitted,

        Edward L. Stanton III
        United States Attorney

By:   /s/ David Brackstone
      DAVID BRACKSTONE (#27989)
      Assistant United States Attorney
      167 N. Main Street, Suite 800
      Memphis, Tennessee 38103
      (901) 544-4231

## CERTIFICATE OF SERVICE

I, David Brackstone, certify that a copy of the foregoing was served through the Court's ECF system to William Hardwick and Kelly Pearson, attorneys for the Plaintiffs; and James Cresswell, Jr., David Feigelson, and Logan Klauss, attorneys for Memphis-Shelby County Airport Authority and Memphis International Airport Police Department; this 30th day of September, 2016.

Additionally, a copy has been served upon Sai, proposed intervenor, via first class mail, postage prepaid, at 500 Westover Dr. #4514, Sanford, NC 27330 and via email at legal@s.ai.

        /s/ David Brackstone
        Assistant United States Attorney